UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN DON FOSTER,

    Petitioner,

v.                                        Case No:  2:14-cv-597-FtM-38DNF

SECRETARY, DOC,

    Respondent.
_____/

## MEMORANDUM AND ORDER[1]

Upon review of the docket and pleadings in this case, it has come to my attention that I was a prosecutor at the State Attorney's Office for the Twentieth Judicial Circuit when Petitioner's underlying criminal case was prosecuted. I was not assigned to the case, do not recall participating in the case in any manner, and do not have personal knowledge of any disputed evidentiary facts concerning the state court proceedings. However, from 1987 through 2000, I worked with the attorneys who prosecuted this case.

I do not view my tenure at the State Attorney's Office as requiring recusal either under 28 U.S.C. § 455(b) because of actual bias or under § 455(a) because my impartiality might reasonably be questioned. However, it is prudent and appropriate for me to disclose to the parties my association with the prosecutors in Petitioner's underlying

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

state criminal proceedings to afford an opportunity to indicate whether they believe recusal is required.

Title 28 U.S.C. § 455 is intended "to promote public confidence in the impartiality of the courts by eliminating even the appearance of impropriety." *United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987).  Section 455(a) provides that a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  While § 455(a) deals with the appearance of partiality, § 455(b) addresses conflicts of interest.  If the facts listed in one of the prongs of § 455(b) exists, recusal is required.  If a relationship does not meet the level set forth in § 455(b) as requiring recusal, then that relationship (standing alone) is not sufficient to show the appearance of partiality under § 455(a).  *Liteky v. United States*, 510 U.S. 540, 554 (1994).

Subsection 455(b)(1) requires recusal where a judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  Subsection 455(b)(3) requires recusal "[w]here [the judge] has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]"  It is my opinion that these provisions do not apply, because while serving in government employment, I did not participate in any way with this proceeding (or the former state court criminal proceeding) or express an opinion concerning the merits of Petitioner's underlying criminal case.  Nor was I privy to "disputed evidentiary facts" concerning the proceeding.  Therefore, I do not believe that my recusal is required under 28 U.S.C. § 455(b).

The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought

would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citing *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988)). Doubts are to be resolved in favor of recusal. *Id.* (citing *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir.1989)). Nevertheless, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *In re Moody*, 775 F.3d 891, 895 (11th Cir. 2014) (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). If a judge were able to recuse under § 455(a) in circumstances in which an objective, knowledgeable member of the public would not find a reasonable basis for doubting her impartiality, she "could abdicate in difficult cases at the mere sound of controversy[.]" *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981). "Thus, under § 455(a), a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000). It is my view that my marginal relationship with this case does not require recusal under § 455(a) because I do not believe that such relationship could lead to my impartiality being reasonably questioned.

In accordance with the foregoing, it is hereby **ORDERED** that, within **THIRTY (30) DAYS** from the date on this Order:

1. Counsel for Petitioner shall discuss this Memorandum and Order with him; and

2. The parties shall each state: (1) whether they believe recusal for actual bias or prejudice is required under 28 U.S.C. § 455(b); (2) whether a reasonable person could question my impartiality, justifying recusal under § 455(a); and (3) whether they waive any objection under § 455(a) to my participation in this case. *See* 28 U.S.C. § 455(e).

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of April, 2015.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record